IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY

**ROBERT HENSON,**

      Petitioner,

v.                                                   Case No. 5:14-cv-19118

**JOE COAKLEY, Warden,**
**FCI Beckley,**

      Respondent.

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the court is the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1). This matter is assigned to the Honorable Irene C. Berger, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's section 2241 petition (ECF No. 1) and this civil action for lack of jurisdiction.

## BACKGROUND AND PETITIONER'S CLAIM

### A. The petitioner's conviction and direct appeal.

On June 12, 2008, Petitioner pled guilty, pursuant to a written plea agreement, to one count of conspiracy to distribute 50 or more grams of cocaine base, in the United States District Court for the Eastern District of Kentucky. (*United States v. Henson*, Case No. 5:08-cr-00079-KKC-EBA-1, ECF No. 62). Petitioner's plea agreement contained a waiver of appellate and collateral review. (*Id.*, ECF No. 62 at 4).

As set forth in Petitioner's Superseding Indictment and plea agreement, Petitioner was notified that he was subject to an enhancement of his sentence to a mandatory minimum life sentence because he had previously been convicted of two felony drug offenses. (*Id.*, ECF Nos. 9 at 6 and 62 at 3-4). Specifically, paragraph 8 of Petitioner's plea agreement stated as follows:

> The defendant acknowledges, agrees, waives any further notice pursuant to 21 U.S.C. § 851 and stipulates that he has previously been convicted for a Possession of a Controlled Substance, to wit, Cocaine, Fayette County Circuit Court, Commonwealth of Kentucky, Criminal Action No. 02-CR-00331, and entered on September 11, 2002, and which received a sentence of five years imprisonment and Possession of a Controlled Substance, to wit, Cocaine, Fayette County Circuit Court, Commonwealth of Kentucky, Criminal Action No. 96-CR0066, and entered on June 10, 1997, and which he received a sentence of 40 months imprisonment, and that each such felony conviction is a final conviction, which is constitutionally valid and not subject to challenge, and that, accordingly, he is subject to an enhanced penalty of not less than life imprisonment under 21 U.S.C. § 841(a)(1).

(*Id.*, ECF No. 62 at 4, ¶ 8).

On September 5, 2008, Petitioner was sentenced to 180 months in prison, after the sentencing court granted a motion for downward departure filed by the government. (*Id.*, ECF No. 117). Notwithstanding the waiver contained in his plea agreement, Petitioner appealed his conviction and sentence to the United States Court of Appeals for the Sixth Circuit, which dismissed his appeal due to the appellate waiver. (*United States v. Henson*, No. 08-6352 (6th Cir. Aug. 26, 2009) (unpublished)). The Sixth Circuit further found that Petitioner's guilty plea, including the waiver, was knowing and voluntary, and that his sentence was reasonable. (*Id.*)

### B. Petitioner's prior post-conviction filings.

On December 3, 2010, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 in the United States District Court for the Eastern District of Kentucky. (*United States v. Henson*, Case No. 5:08-cr-00079, ECF No. 159). In that motion, Petitioner raised five claims of ineffective assistance of counsel, a claim that he was denied due process due to the ineffectiveness of his counsel, and a claim that his sentence was unreasonable. On March 4, 2011, the United States District Court for the Eastern District of Kentucky denied the section 2255 motion as untimely and found no grounds for equitable tolling of the statute of limitations. (*United States v. Henson*, No. 5:08-cr-00079-KKC, 2011 WL 839557 (E.D. Ky. Mar. 4, 2011)). The Sixth Circuit subsequently denied Petitioner a certificate of appealability. (*Henson v. United States*, No. 11-5423 (6th Cir. Sept. 21, 2011) (unpublished)).

Petitioner filed a second section 2255 motion on March 26, 2013. (*United States v. Henson*, 5:08-cr-00079-KKC, ECF No. 188). On June 25, 2013, the District Court denied that 2255 motion and transferred the document to the Sixth Circuit for consideration for authorization to pursue a second or successive section 2255 motion. (*Id.*, ECF No. 192). On January 27, 2014, the Sixth Circuit denied Petitioner authorization to pursue a second or successive section 2255 motion. *In Re Robert Henson*, No. 13-5876 (6th Cir. Jan. 27, 2014).

Petitioner has also filed four motions to reduce his sentence under 18 U.S.C. § 3582 due to retroactive amendments of the United States Sentencing Guidelines. The first two such motions were denied by the sentencing court. However, on September 13, 2016, the sentencing court granted Petitioner's third motion and his sentence was reduced to

162 months. (*Id.*, ECF No. 226). Petitioner's appeal of that Order remains pending. On April 13, 2017, Petitioner filed a fourth section 3582 motion, addressing additional amendments of the Sentencing Guidelines, which remains pending before the sentencing court. (*Id.*, ECF No. 235).

### C. Petitioner's section 2241 petition.

The instant section 2241 petition, which is not a model of clarity, appears to be challenging Petitioner's enhanced sentence based upon his prior convictions, stating that his "prior state drug convictions should not be considered felonies by federal statute or standards according to the record before the court." Petitioner appears to be relying on the Supreme Court's decision in *Descamps v. United States*, ___ U.S. ___, 133 S. Ct. 2276, 186 L. Ed.2d 438 (2013); however, neither his petition, nor his reply, specifically indicate how *Descamps* affects the characterization of his prior convictions as "felonies."[1] Petitioner seeks discharge from the custody and detention of the Bureau of Prisons.

On October 17, 2014, the undersigned issued an Order to Show Cause (ECF No. 5), directing Respondent to respond to Petitioner's section 2241 petition. On December 11, 2014, Respondent filed a Response to Order to Show Cause (ECF No. 8), asserting that Petitioner cannot obtain the relief sought under section 2241 and that, at any rate, the petition lacks merit.

---

1 It appears that Petitioner may be referring to the definition of a "felony drug offense" as that term is used in 21 U.S.C. §§ 841(b)(1)(A) and 851, the statutes upon which Petitioner's alleged sentencing enhancement is grounded. "Felony drug offense" is defined under 21 U.S.C. § 802(44) as follows: "an offense punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct relating to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 820(44).

For some inexplicable reason, Respondent also addresses a potential claim of actual innocence, which does not appear to be raised in any way by Petitioner in his section 2241 petition.[2] Respondent states that, "to the extent Petitioner is arguing that he is actually innocent of his crime, the burden rests squarely on the defendant: 'To establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him.'" *Bousley v. United States*, 523 U.S. 614, 623 (1998) (internal quotations omitted), quoting *Schlup v. Delo*, 513 U.S. 298, 327-28 (1995). (ECF No. 8 at 6). Respondent also notes that "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley*, 523 U.S. at 623. (*Id.*) Respondent notes that, as addressed in *Schlup*, "actual innocence" is tied to a miscarriage of justice exception allowing consideration of procedurally barred claims and is "extremely rare." 523 U.S. at 321-22. (*Id.*) In sum, Respondent states:

> These rules apply to Petitioner's situation, where he has the burden to establish a fundamental defect and miscarriage of justice. The burden rests on Petitioner to demonstrate that the statutory enhancements of his base sentence were inapplicable. The interests of finality dictate that Petitioner may disturb his sentence only upon showing, based on all known evidence, that he was not properly sentenced in the Eastern District of Kentucky. It is insufficient for Petitioner to assert simply that, under *Descamps*, his prior state drug convictions should not be considered felonies.

(*Id.* at 7).

---

[2] It appears that Respondent may have extrapolated this argument from a filing related to Petitioner's third section 3582 motion filed in his court of conviction, which was denied by the United States District Court for the Eastern District of Kentucky on September 23, 2013. (Underlying conviction, ECF Nos. 195, 198).

Petitioner's "Answer to Show Cause Response" (hereinafter "Reply") also muddies the waters by addressing the "actual innocence" claim, stating:

> On January 23, 2014, the Petitioner filed a motion with this Honorable Court pursuant to 28 U.S.C. § 2241, relying on the savings clause under 28 U.S.C. § 2255(e). In doing so, the Petitioner asserted that he is actually innocent of the Armed Career Criminal Act, 18 U.S.C. § 924(e), and was therefore erroneously sentenced under 21 U.S.C. § 841(b)(1)(A) to a term originally calculated at life imprisonment.
>
> Specifically, the Petitioner relied upon the Supreme Court holding in *Descamps v. United States*, 133 S. Ct. 2276 (2013) for the assertion that he is not subject to the ACCA or the enhanced provisions under section 841 whereas he was not convicted of a felony drug offense as defined by federal statute.

(ECF No. 9 at 1-2). Petitioner's Reply disputes Respondent's contention that *Descamps* will not permit Petitioner to seek relief under the savings clause, asserting that it is a substantive change in the law that is not constitutional in nature. (*Id.* at 4). He further attempts to distinguish how the savings clause (discussed below) is applied in the Fourth Circuit versus that in the Sixth Circuit, where he was convicted. (*Id.* at 5-7).[3] Consequently, Petitioner ultimately requests that this court eschew summary dismissal and transfer his petition to the United States District Court for the Eastern District of Kentucky for final disposition.

## ANALYSIS

### A. The petitioner is not entitled to relief under section 2241.

Petitioner's claims clearly challenge the validity of his sentence, and not the manner in which the sentence is being executed. Motions under 28 U.S.C. § 2255 are the

---

3  This court is, of course, bound only by the precedent of the Fourth Circuit.

primary remedy for testing the validity of federal judgments and must be filed in the court of conviction, which, in this case, is the United States District Court for the Eastern District of Kentucky. Normally, a section 2255 motion filed in a court other than the sentencing court should be transferred to the sentencing court.

28 U.S.C. § 2241 is generally used to address matters concerning the execution of a federal sentence, and is not an additional, alternative or supplemental remedy to that provided in section 2255, unless the petitioner can show that the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention. *In re Jones*, 226 F.3d 328, 333 (4th Cir. 2000) ("[W]hen § 2255 proves 'inadequate or ineffective to test the legality of . . . detention,' a federal prisoner may seek a writ of habeas corpus pursuant to § 2241."). *In re Jones* relies upon the statutory language presently found in 28 U.S.C. § 2255(e), which states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

This section is known as the "savings clause." The fact that relief under section 2255 is procedurally barred does not render such remedy inadequate or ineffective to test the legality of the petitioner's detention. *Id.* at 332.

Thus, before considering the petitioner's section 2241 petition on its merits, this court must first determine whether the remedy under section 2255 is inadequate or ineffective to test the legality of the petitioner's detention in order that he may pursue such relief under section 2241. The United States Court of Appeals for the Fourth Circuit

7

has established a three-factor analysis for making this determination. The remedy under section 2255 is inadequate or ineffective when:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the petitioner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d at 333-334.

Petitioner's reliance on *Descamps* is puzzling. In *Descamps*, the Supreme Court simply clarified that, in determining whether a previous conviction counts as a "violent felony" under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), a sentencing court may look only to the elements of a defendant's prior conviction, not "to particular facts underlying those convictions." 133 S. Ct. 2276, 2283 (2013). *Descamps* further clarified that, when a statute is "divisible," that is, it contains alternative elements that constitute multiple offenses, the court may apply the "modified categorical approach" (permitting review of certain approved documents) to determine under which subpart of the statute the defendant was convicted.

Petitioner was not convicted and sentenced under the ACCA. Rather, Petitioner received a sentencing enhancement under 21 U.S.C. §§ 841(a)(1)(A) and 851, based upon his prior conviction for two "felony drug offenses." As noted above, a "felony drug offense" as defined for the purpose of these statutes is "an offense punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs, marihuana, anabolic steroids, or depressant or stimulant substances." 21 U.S.C. § 801(44).

Petitioner's prior drug offenses easily meet this definition, and he so conceded in his plea agreement. (*United States v. Henson*, No. 5:08-cr-00079, ECF No. 62 at 4, ¶ 8).

Although Petitioner appears to be asserting that, pursuant to *Descamps*, there has been an intervening change in substantive law that retroactively affects his case, *Descamps* has not been made retroactive on collateral review. *See, e.g., Vargas-Soto v. Rickard*, No. 1:15-cv-07012, 2017 WL 1788662 *1 (S.D. W. Va. May 4, 2017); *see also Kane v. United States*, 2016 WL 7404720, at *4 (W.D.N.C. Dec. 21, 2016) (holding that "[b]ecause Descamps is not 'a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable,' a *Descamps* claim will not support a successive motion to vacate."); *Payton v. United States*, 2016 WL 6996743, at *2 (D. Md. Nov. 30, 2016) ("The basis of Payton's petition is the Supreme Court's 2013 decision in *Descamps*, which the Supreme Court has not made retroactive."); *Gibert v. United States*, 2015 WL 11111314, at *3 (D.S.C. Mar. 10, 2015), dismissed, 622 Fed.Appx. 268 (4th Cir. 2015) ("[The court finds that the Supreme Court did not create [in Descamps] a new rule that is retroactive to cases on collateral review; *Briscoe v. United States*, 2015 WL 2451420, at *2 (N.D.W. Va. May 21, 2015), *appeal dismissed*, 624 Fed.Appx. 123 (4th Cir. 2015) (collecting cases)).

Moreover, *Descamps* does not change the substantive law such that the <u>conduct of which the petitioner was convicted is deemed not to be criminal</u>. Rather, Petitioner simply asserts that *Descamps* calls into question whether prior convictions were properly used to enhance his sentence, which does not implicate the savings clause. *See Almendarez-Torres v. United States*, 523 U.S. 224, 247 (1998); *see also Alleyne v. United States*, 133 S. Ct. 2151, 2160 & n. 1 (2013) (a prior conviction used in conjunction with

recidivist enhancements is a sentencing factor, not an "element" of a triggering crime); *Barnhart v. Saad*, 3:15-cv-99, 2016 WL 347340 *4 (N.D. W. Va. Jan. 28, 2016) (§ 2241 petition asserting challenges to sentencing enhancement under *Descamps* and *Johnson* dismissed for failure to meet savings clause). Thus, even if *Descamps* were retroactive, it does not appear to have any application to Petitioner's case.[4]

Furthermore, the savings clause contained in section 2255(e) cannot be used to circumvent the stringent gatekeeping requirements and procedural bars of section 2255 and will not permit review of the petitioner's claims by this court under section 2241. Aside from the decision in *Descamps*, which appears to have no applicability to Petitioner's case, a claim that Petitioner's prior convictions are not "felony drug offenses" was previously available to him at the time of his direct appeal and his prior 2255 motion. In light of the fact that the petitioner has already unsuccessfully challenged his conviction and sentence in a prior 2255, and did not include any such claim, he is likely barred from pursuing such a claim now. While this court could construe the petitioner's petition as section 2255 motion and transfer it to his court of conviction, such action would be futile because such a motion would be another unauthorized second or successive motion.

The undersigned proposes that the presiding District Judge **FIND** that the petitioner has failed to demonstrate that section 2255 is inadequate or ineffective to test the legality of his detention and, thus, his claim is not proper for consideration under 28 U.S.C. § 2241. Therefore, the undersigned further proposes that the presiding District

---

4  Petitioner's claim also fails to take into consideration the fact that he was granted a downward departure to a 180-month sentence. Thus, his sentence is well below the mandatory minimum life sentence to which he was exposed based upon his prior convictions, and is within the applicable statutory sentencing range under section 841(b)(1)(A) without enhancement for prior felony drug convictions.

Judge **FIND** that this court lacks jurisdiction to review the petitioner's claims contained in his section 2241 petition.

## RECOMMENDATION

For the reasons stated herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF Nos. 1) and this civil action for lack of jurisdiction.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Irene C. Berger, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rules 6(d) and 72(b), Federal Rules of Civil Procedure, and Rules 1(b) and 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2254 of Title 28, United States Code, the parties shall have fourteen days (filing of objections) and then three days (mailing/service), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). A copy of such objections shall be served on the opposing party and Judge Berger.

The Clerk is directed to file this Proposed Findings and Recommendation and mail a copy of the same to the petitioner and to transmit a copy to counsel of record.

May 19, 2017

Dwane L. Tinsley
United States Magistrate Judge